IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUDD MCMANUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-671 (RDA/WEF) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the United States of America's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Motion to Dismiss") (Dkt. 5). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter is now ripe for disposition. Having considered Defendant's Motion to Dismiss together with its Memorandum in Support (Dkt. 6), Plaintiff Judd McManus's *pro se* Complaint (Dkt. 1), Plaintiff's Oppositions to the Motion to Dismiss and Memorandum in Support (Dkt. Nos. 8; 9; 10; 11),[1] Defendant's Reply (Dkt. 13), and Plaintiff's Surreply (Dkt. 14) and Addendum[2] (Dkt. 15), this Court GRANTS Defendant's Motion to Dismiss (Dkt. 5) for the reasons that follow.

---

[1] Plaintiff filed two identical Motions in Opposition to the Motion to Dismiss and Memoranda of Support. For ease of reference, the Court will cite only to the first filings. Dkt. Nos. 8; 9.

[2] Plaintiff filed a Surreply and an Addendum to his Surreply that reiterate many of his earlier arguments and asks the Court to "issue a summary judgment." Dkt. Nos. 14 at 1; 15 at 1. Though Plaintiff's Surreply and Addendum were both unauthorized, the Court will consider Plaintiff's arguments in deference to his *pro se* status. However, in light of this Court's decision granting Defendant's Motion to Dismiss, Plaintiff's requests for summary judgment are denied as moot.

I. BACKGROUND

A. Factual Background

Plaintiff, proceeding *pro se*, is employed by the Department of Homeland Security ("DHS"). Dkt. 1 at ¶¶ 35-47.[3] Plaintiff's allegations stem from his employer's implementation of Executive Order No. 14,043, 86 Fed. Reg. 50,989 (Sept. 9, 2021), which mandated that all federal employees become fully vaccinated against COVID-19, subject to certain conditions. Dkt. 1 ¶ 37. Plaintiff's claims allegedly arise under the Federal Tort Claims Act ("FTCA"). This is Plaintiff's third lawsuit arising from these facts.

1. Prior Litigation

Plaintiff has previously filed two lawsuits in this District in March 2022: (1) *McManus v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-00345 (MSN/IDD), 2023 WL 3127630, at *3 (E.D. Va. Apr. 27, 2023) ("the 345 Case"), and (2) *McManus v. Dep't of Homeland Sec., No.* 1:22-CV-00346 (MSN/TCB), 2022 WL 18635841, at *1 (E.D. Va. July 13, 2022) ("the 346 Case"). Both cases were pending before U.S. District Judge Michael S. Nachmanoff. In the 345 Case, Plaintiff alleged that U.S. Immigration and Customs Enforcement ("ICE") violated the FTCA by mailing COVID-19 test kits to his home and violated the Age Discrimination in Employment Act ("ADEA") by not allowing Plaintiff to retire early to avoid the COVID-19 testing protocol. *McManus*, 2023 WL 3127630, at *3. In the 346 Case, Plaintiff alleged that he suffered "irreparable injury" from the "COVID Countdown Clock" that DHS placed on its website and a hostile work environment when DHS used other tactics to achieve COVID-19 vaccination compliance among its employees. *McManus*, 2022 WL 18635841, at *1.

---

[3] Plaintiff never explicitly states that he is employed by DHS in his Complaint, but his employment status can be inferred from other allegations in his Complaint. Dkt. 1.

Judge Nachmanoff dismissed both suits. *McManus*, 2023 WL 3127630, at *3; *McManus*, 2022 WL 18635841, at *1. In the 346 case, Judge Nachmanoff held that the Court lacked subject matter jurisdiction over Plaintiff's FTCA claims because (1) Plaintiff failed to exhaust his administrative remedies and (2) the Civil Service Review Act[4] ("CSRA") precluded Plaintiff's FTCA claims as they arose from his employment. *McManus*, 2022 WL 18635841, at *1. Judge Nachmanoff also dismissed Plaintiff's ADEA claim because Plaintiff did not state sufficient facts to allege a *prima facie* case. *Id.* at 3-4. In the 345 Case, Judge Nachmanoff dismissed Plaintiff's FTCA claims on the same two grounds as the 346 Case. *McManus*, 2023 WL 3127630, at *3 (dismissing Plaintiff's complaint for failure to exhaust administrative remedies and because his allegations were preempted by the CSRA). Further, in the 345 Case, Judge Nachmanoff held that Plaintiff's ADEA claim, that he was discriminated against for being younger, was precluded by *General Dynamic Systems, Inc. v. Cline*, 540 U.S. 581 (2004). *Id.*

## 2. The Instant Case

On May 23, 2023, Plaintiff filed the instant case which, in large part, repeats the same allegations as his prior cases. Plaintiff again alleges that the "Countdown Clock" on DHS's Intranet page violated the FTCA. Dkt. 1 ¶¶ 39, 71, 75. Plaintiff also re-alleges that the extensive "communication campaign" that DHS used to encourage vaccination and DHS's "COVID 19 Testing scheme" that mailed home testing kits to his house and required monitoring via "telehealth" violated the FTCA. *Id.* ¶¶ 41, 63. Plaintiff has also added the new allegations that he was denied the opportunity to work remotely, though others were permitted to work from home, *id.* ¶¶ 24, 58, and that during this time he received "the lowest performance appraisal ever

---

[4] "The CSRA is a comprehensive remedial scheme that provides the exclusive remedy for employment-related tort claims brought by a federal employee." *McManus*, 2023 WL 3127630, at *3.

3

recalled,"[5] *id.* ¶ 25.  Finally, Plaintiff filed an administrative tort claim to exhaust administrative remedies for his FTCA claims in May 2023.  Dkt. 6, Ex. 1-2.

Plaintiff now brings seven counts against the United States claiming that the United States is liable under the FTCA for: negligence (Count I);  discrimination (Count II), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count IV), defamation (Count V), trespass (Count VI), and false imprisonment (Count VII).  He also brings an eighth claim for breach of contract (Count VIII) alleging that the United States failed "to abide by previously established employment and retirement provisions."  Dkt. 1 ¶ 171.

### B. Procedural Background

As previously stated, Plaintiff filed a Complaint in this Court on May 23, 2023.  Dkt. 1.  Thereafter, on July 24, 2023, Defendant filed its Motion to Dismiss, Dkt. 5, and Memorandum in Support of its Motion to Dismiss, Dkt. 6.  On August 8, 2023, Plaintiff filed a Motion in Opposition, Dkt. 8, and a Memorandum in Opposition, Dkt. 9.[6]  Defendant filed its Reply on August 15, 2023.  Dkt. 13.  On August 28, 2023, Plaintiff filed an unauthorized Surreply, Dkt. 14, and on November 14, 2023, Plaintiff filed an unauthorized Addendum to his Surreply, Dkt. 15.

## II. STANDARD OF REVIEW

### A. 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction.  In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is supported.  *See United States v. Hays*,

---

[5] While Plaintiff makes this allegation in passing, nothing in the Complaint describes how this allegation relates to any of his causes of action.  Dkt. 1

[6] Plaintiff filed an identical Motion in Opposition and Memorandum in Opposition on August 14, 2023.  Dkt. Nos. 10; 11.

4

515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, a defendant may confront the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).

Alternatively, a 12(b)(1) motion to dismiss may contest the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Under this latter approach, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. 12(b)(6)

Comparatively, a Rule 12(b)(6) motion tests the sufficiency of a complaint. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal of the motion is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face." *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508

(4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

At the motion-to-dismiss stage, a plaintiff need only "allege facts sufficient to state all the elements of [its] claim," *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and "the district court must 'accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff].'" *Dao v. Faustin*, 402 F. Supp. 3d 308, 315 (E.D. Va. 2019) (quoting *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015)). Still, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Even so, a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle

6

of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III. ANALYSIS

#### A. Issue Preclusion

Defendant first argues that Plaintiff's claims are barred by the doctrine of collateral estoppel because "Judge Nachmanoff's prior rulings regarding the preclusive effect of the CSRA on Plaintiff's FTCA claims bar relitigation of the same issue in this case." Dkt. 6 at 7. Plaintiff avers that he is not barred by collateral estoppel because his "prior cases were dismissed without prejudice due to the plaintiff not filing 'administrative tort' claims prior to filing." Dkt. 9 at 12-13. Plaintiff further contends that he did not have a "full and fair opportunity" to litigate the CSRA issue and that the CSRA ruling was not "critical and necessary." *Id.* Finally, Plaintiff argues that the issue in his present suit is not identical to the issue that was previously litigated because the vaccine mandate was revoked in May 2023, after the filing of his prior suits, and because he had not yet been denied remote work at the time of his prior suits. *Id.* at 12-13.

This Court agrees with Defendant that collateral estoppel bars this Court's consideration of Plaintiff's FTCA claims. Collateral estoppel, also known as issue preclusion, bars relitigation of issues of fact or law that were already adjudicated in an earlier matter. *Musselwhite v. Mid-Atl. Rest. Corp.*, 809 F. App'x 122, 127-28 (4th Cir. 2020) (citing *Sykes v. Blue Cross & Blue Shield of N.C.*, 828 S.E.2d 489, 494 (2019)). The doctrine of collateral estoppel serves to "protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent verdicts.'" *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (quoting *Montana v. United States*,

440 U.S. 147 (1979)). There are two types of collateral estoppel: offensive and defensive. Relevant here is defensive collateral estoppel. As the Fourth Circuit has explained:

> When a plaintiff employs the doctrine of collateral estoppel or issue preclusion "to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party" it is known as "offensive collateral estoppel." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). And when a defendant employs the doctrine "to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant," it is known as "defensive collateral estoppel." *Id.*

*In re Microsoft Antitrust Litigation Corp.*, 355 F.3d 322, 326 (4th Cir. 2004). The party seeking to apply collateral estoppel must show that "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *Id.* Unlike *res judicata*, collateral estoppel does not require a final judgment on the merits and therefore collateral estoppel may be applied to dismissals for lack of jurisdiction. *See Chin-Young v. United States*, 774 F. App'x 106, 118 (4th Cir. 2019) ("[A] jurisdictional dismissal that does not constitute a judgment on the merits so as to completely bar further transactionally-related claims still operates to bar relitigation of issues actually decided by that former judgment." (quoting *Goldsmith v. Mayor & City Council of Balt.*, 987 F.2d 1064, 1069 (4th Cir. 1993))); *see also Baker v. Raimondo*, No. 1:20-CV-1367, 2021 WL 1381560, at *2 (E.D. Va. Mar. 30, 2021), *aff'd*, No. 2021-1961, 2022 WL 2114633 (Fed. Cir. June 13, 2022) ("Thus, the lack of subject matter jurisdiction is squarely covered by the doctrine of collateral estoppel, and Plaintiff is estopped from relitigating this issue in the Eastern District of Virginia."). Each element required to apply collateral estoppel to Plaintiff's FTCA claims has been met.

8

1. Identical Issue

To be sure, the issue in this suit is "identical to the one previously litigated." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326. In Plaintiff's prior litigation, he brought several claims alleging that he suffered torts in the course of his employment stemming from DHS's "Countdown Clock" and injuries suffered from DHS's efforts to vaccinate its employees and test its unvaccinated workers. *McManus*, 2022 WL 18635841, at *1; *McManus*, 2023 WL 3127630, at *1. In both cases, Judge Nachmanoff held that the CSRA barred litigation of Plaintiff's tort claims as they arose from his employment relationship with DHS. *Id.* Here, Plaintiff similarly alleges that he suffered from torts in the course of his employment by being subjected to the Countdown Clock, DHS's vaccination campaign, and DHS's denial of remote work. As each of Plaintiff's alleged torts arise from his employment relationship with DHS, the identical CSRA preclusion issue is again before this Court. Plaintiff argues that the issue in this suit is not identical to that of his prior cases because the vaccine mandate ended in 2023, and because he had not been denied remote work at the time of his prior complaints. Dkt. 8 at 12-13. However, on this issue, the Court is not convinced. First, that the mandate ended in 2023 does not materially impact Plaintiff's allegations that DHS's vaccination campaign was tortious in 2021 and 2022. Second, Plaintiff's new allegation that he was denied remote work, still stems from conduct occurring in the course of his employment relationship, which implicates the CSRA. Finally, when collateral estoppel applies, it is conclusive in a subsequent action between the parties for "the same or [a] different claim." *B & B Hardware, Inc.,* 575 U.S. at 148. Accordingly, this Court finds that the legal issue in the present case is identical to the one previously litigated.

2. Actually Resolved

The issue of CSRA preclusion was also actually resolved in the prior proceedings. An issue is actually resolved if it is "properly raised in the pleadings or otherwise submitted for determination and [is] in fact determined." *Musselwhite*, 809 F. App'x at 128 (internal citation omitted). In Plaintiff's prior cases, the United States argued that Plaintiff's claims were precluded by the CSRA because the claims stemmed from Plaintiff's employment relationship, and Judge Nachmanoff agreed. *See McManus*, 2023 WL 3127630, at *3 (holding that "[t]he Court also finds subject matter lacking because the Civil Service Reform Act, 5 U.S.C. § 1201 et seq. ('CSRA'), precludes McManus's FTCA claim."); *McManus*, 2022 WL 18635841, at *3 ("Alternatively, the Court finds subject matter lacking because plaintiff is a federal employee, which renders his FTCA claim indisputably precluded by the comprehensive remedial scheme of the Civil Service Reform Act."). Therefore, the Court finds that the CSRA preclusion issue was actually resolved in the litigation before Judge Nachmanoff.

3. Critical and Necessary

The CSRA preclusion issue was also critical and necessary to Plaintiff's prior judgments. Plaintiff argues that the CSRA preclusion issue was not "critical and necessary" because Plaintiff's "prior cases were dismissed without prejudice due to the plaintiff not filing 'administrative tort' claims prior to filing" the prior suits. Dkt. 8 at 12-13. Plaintiff also notes that he has since filed an administrative tort claim in May 2023. *Id.* In response, Defendant argues that, while Judge Nachmanoff did dismiss Plaintiff's FTCA claims because Plaintiff failed to exhaust his

administrative remedies, Judge Nachmanoff also held that CSRA preemption was a basis to dismiss Plaintiff's claims, and that alternative ruling also has preclusive effect. Dkt. 13 at 2.

While the Fourth Circuit has not established a fail-safe rule as to whether an alternative holding can be considered "critical and necessary,"[7] it has held that the "'critical and necessary' requirement cannot be read too literally." *Musselwhite*, 809 F. App'x at 128 (cleaned up). "[F]or when a court bases its judgment on multiple independent grounds, each of which have been fully litigated, each independent ground is accorded preclusive effect." *Id.* In *Musselwhite*, one of the Fourth Circuit's most recent decisions on the issue, the Fourth Circuit explained that alternative judgments that are independently sufficient and that have been fully litigated should be given preclusive effect. *Musselwhite*, 809 F. App'x at 127-28

Though there is a Circuit split on the question of the preclusive effect of alternative rulings, most Circuits that have considered the issue have also held that alternative rulings are sufficiently necessary to have preclusive effect. *See Jean Alexander Cosms., Inc. v. L'Oreal USA*, Inc., 458 F.3d 244, 251-52 (3d Cir. 2006) (collecting cases). For instance, the Second, Third, Seventh, Ninth, and Eleventh Circuit all apply collateral estoppel to alternate but independently sufficient rulings. *Id.* While Plaintiff is correct that one ground for Judge Nachmanoff's dismissal was Plaintiff's failure to exhaust his administrative remedies, Judge Nachmanoff's alternative ruling that Plaintiff's FTCA claims were precluded by the CSRA was an independently sufficient basis on which to dismiss the case. Further, as discussed *infra*, the CSRA issue was fully litigated in Plaintiff's prior cases as Defendant argued that the CSRA preempted Plaintiff's claim and Judge

---

[7] *Compare Musselwhite*, 809 F. App'x at 128, and *Ritter v. Mount St. Mary's Coll.*, 814 F.2d 986, 993-94 (4th Cir. 1987) (noting the "general rule" that alternative rulings are not given preclusive effect, but nonetheless applying collateral estoppel to an alternative ground for a judgment that was fully litigated), *with Tuttle v. Arlington Cty. Sch. Bd.*, 195 F.3d 698, 704 (4th Cir. 1999) (declining to apply collateral estoppel to alternative finding of prior court).

Nachmanoff gave the issue due consideration before ruling the same in his opinion. Therefore, this Court finds that the CSRA preclusion holding was sufficiently critical and necessary.

### 4. Final/ Valid Judgment and Full and Fair Opportunity

Finally, there was a final and valid judgment and Plaintiff had a full and fair opportunity to litigate the CSRA issue. First, Plaintiff did not appeal the 345 Case or the 346 Case within 60 days. Therefore, the prior judgements are "final and valid." *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326. Second, in both instances, Plaintiff had a full and fair opportunity to litigate the CSRA issue in his prior proceedings. In both cases, Defendants argued the CSRA preclusion issue in their briefs and issued *Roseboro* notices that warned Plaintiff of the consequences of not responding. *McManus*, 1:22cv345, Dkt. No. 15-1; *McManus*, 1:22cv346, Dkt. No. 5-1. Plaintiff filed a response in the 346 Case but chose not to do so in the 345 Case. Thus, Plaintiff's arguments that he did not have a "full and fair opportunity to litigate" the CRSA issue are unavailing. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d at 326.

In sum, this Court finds that all five elements required to apply collateral estoppel have been met, and Plaintiff is barred from relitigating the issue of CSRA preclusion. Accordingly, this Court will dismiss Plaintiff's FTCA claims because they are barred by the doctrine of collateral estoppel.

### B. Breach of Contract Claim

Plaintiff's only remaining claim is his breach of contract claim, which is different from those in his prior cases. Plaintiff alleges that Defendant breached Plaintiff's employment contract by violating "previously established employment and retirement provisions." Dkt. 9 ¶ 171. Plaintiff maintains that he has "suffer[ed] damages including, but not limited to: a. Emotional distress; b. Mental anguish; c. Lost wages; and d. other damages to be proven at trial." *Id.* ¶ 174.

Defendant argues that Plaintiff's breach of contract claim is not properly before this Court because, under 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction. Dkt. 6 at 29. Further, Defendant contends that, even if Plaintiff's claim were properly before the Court, Plaintiff's breach of contract claim is similarly precluded by the CSRA, because it also arises out of Plaintiff's federal employment relationship. Dkt. Nos. 6 at 11-12; 13 at 4.

This Court lacks subject matter jurisdiction over Plaintiff's breach of contract claim. District courts only have jurisdiction arising out of "any express or implied contract with the United States" where the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2). Contract claims against the United States in excess of $10,000 are under the exclusive jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see, e.g., Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 475 (4th Cir. 1983) ("[B]ecause this essentially is a contract claim against the federal government for monetary relief in excess of $10,000, the Claims Court has exclusive jurisdiction under 28 U.S.C. §§ 1346(a)(2) and 1491. Accordingly, the district court was without jurisdiction to hear this case."). In Plaintiff's Opposition, Plaintiff "concedes" that he is seeking over $10,000 for his breach of contract claim. Dkt. 9 at 20. As such, this Court lacks jurisdiction over Plaintiff's breach of contract claim and Plaintiff's breach of contract claim will be dismissed.[8]

\* \* \*

In sum, Plaintiff's FTCA claims will be dismissed as barred by collateral estoppel. This Court also does not have subject-matter jurisdiction over Plaintiff's breach of contract claim as it is brought against the United States and exceeds $10,000. Accordingly, the Court will grant the Motion to Dismiss.

---

[8] As the Court held that it does not have jurisdiction over Plaintiff's breach of contract claim, it need not analyze whether plaintiff's breach of contract claim is precluded by the CSRA.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 5) is GRANTED; and it is

FURTHER ORDERED that Counts I-VII are DISMISSED WITH PREJUDICE as barred by the doctrine of collateral estoppel; and it is

FURTHER ORDERED that Count VIII is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff, who is proceeding *pro se*, and to counsel of record for Defendant. The Clerk is further directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
February 1, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge